**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

CAROLYN WENDY HERZ,          )
                             )
              Plaintiff,     )
    vs.                      )          No. 1:14-cv-2001-RLY-DKL
                             )
CHARELENE PFENNINGER, et al.,)
                             )
              Defendants.    )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

**A.  Parties and Procedural History**

This action was removed from the Marion Superior Court, where it had been docketed as No. 49D04-1411-CT-038000. The plaintiff is Carol Wendy Hertz, formerly known (before her legal name change) as Carolyn H. Srivastava, who litigated cases in this court and many other courts under that name. The defendants are Charlene Pfenninger, Ora Hirsch Pescovitz, Alan J. Schwartz, Michael Delph, Mark Massa, Marion County Prosecutor's Office, Linda Major, Emily VanOsdol, Gregory Ballard, Marion County Election Board, Leroy Robinson, Lula Patton, Kathy Richardson, St. Vincent Hospital and Health Care Center, Inc., David G. Moscrip, Sanjay Mishra, Mark Kelley, Wei-Hua Lee, Richard Young, David F. Hamilton, and Susan Brooks. The plaintiff seeks damages and a dizzying array of injunctive relief.

The removal was processed on December 4, 2014. The next day, an Entry issued directing the plaintiff to show cause why the action should not be dismissed because restrictions have been imposed on the plaintiff's ability to file papers in all federal courts. She responded through her filing (hereafter "objection") filed on December 11, 2014.

### B. Issue

The issue framed by the proceedings and filings referenced above is thus whether the plaintiff can proceed in this action and, if she cannot, whether it must be dismissed.

### C. Discussion

The plaintiff devotes much of her objection to distinguishing the factual background of certain published decisions from that of her own claims here and previously. In doing so, the plaintiff argues past the legal principles derived from several of those cases which have informed the many orders issued by this and other courts justifiably recognizing the plaintiff as an abusive litigant.

These restrictions to which the court has referred emanate from the *Order* of the Court of Appeals issued on August 30, 2011, in No. 11-2817, and the *Amended Injunction* issued on July 29, 2011, in No. IP 04-mc-104-SEB-DML. The Order of the Court of Appeals stated the following:

> [T]he clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Carolyn H. Srivastava unless and until she pays in full the sanction that has been imposed against her. *See In re: City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in Mack, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack,* 45 F.3d at 186-87. This order will be lifted immediately once Srivastava makes full payment. *See City of Chi.*, 500 F.3d at 585-86.

The *Amended Injunction* issued on July 29, 2011, enjoins the plaintiff from filing or continuing to litigate any claim, however designated, in any court of any jurisdiction, in which she targets the defendants in any of her prior cases or claims litigated in this court. *In re: Srivastava*, 2011 U.S. Dist. LEXIS 84121 (S.D.Ind. July 29, 2011).

The plaintiff does not dispute that she is the same person described in Part I of the Entry issued on December 5, 2014. She does suggest that it is improper for the court to take judicial notice of those orders, but the court rejects that suggestion because "a court may take judicial notice of facts that are 'not subject to reasonable dispute' because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Fed.R.Evid. 201(b). Under this rule, courts may take judicial notice of papers filed in other courts as well as orders issued by other courts." *Bonilla v. Uribe*, No. 3:11-CV-1274-GPC-WMC, 2013 WL 5522026, at *6 (S.D.Cal. Sept. 30, 2013)(citing cases). The Seventh Circuit has long endorsed this practice:

> Among these matters of which a court may take judicial notice are its own court documents and records. *Bryant v. Carleson,* 444 F.2d 353, 357 (9th Cir.), certiorari denied, 404 U.S. 967, 92 S. Ct. 344, 30 L.Ed.2d 287 (1971). Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue. *St. Louis Baptist Temple v. F.D.I.C.,* 605 F.2d 1169, 1172 (10th Cir. 1979); *Barrett v. Baylor,* 457 F.2d 119, 124 n.2 (7th Cir. 1972). These principles indicate that we clearly have the power to take judicial notice of Green's extensive record of litigation as well as the subject matter of his lawsuits. His filing history in both this and other courts is of public record and particularly relevant to the proposed injunction. The fact that Green has all but besieged the federal courts for the past several years is indeed a matter of public knowledge, of which we may properly take judicial notice. Accord, *Green v. White,* 616 F.2d 1054, 1055 (8th Cir. 1980).

*Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983).

Additionally, the plaintiff offers her disagreement with the orders referenced above. Her disagreement leads her to the conclusion that the orders are not valid, but the record shows otherwise. The orders are valid and must be enforced.

### D. Conclusion

In issuing the show cause order and considering the plaintiff's response the court has provided her with a meaningful opportunity to determine whether she can proceed here.

The consequences of the circumstances noted in this Entry are that (1) the filing of this action in the Marion Superior Court violated the *Amended Injunction* issued in No. IP 04-mc-104-SEB-DML, which remains in effect, and (2) the plaintiff is prohibited from filing papers in this action based on the Order issued in No. 11-2817, which also remains in effect. In turn, the plaintiff is unable to prosecute this action.

Because the plaintiff cannot file, she cannot prosecute her claims, and for this reason the action is dismissed for failure to prosecute. The only way to prevent the further abusive litigation of this plaintiff is to specify that the dismissal be with prejudice. *See Lucien v. Brewer,* 9 F.3d 26, 28 (7th Cir. 1993) (dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  __12/23/2014__

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Carolyn Wendy Herz
3105 Lehigh Ct.
Indianapolis, IN 46268